IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA,

v.

MARVIN CHEATWOOD and
KEITH CHEATWOOD.

CRIMINAL ACTION FILE
NO.:
4:13-CR-033-01-HLM
4:13-CR-033-02-HLM

ORDER

This case is before the Court on Defendant Marvin Cheatwood's Motion to Dismiss Counts 4-5 as Multiplicitous or Alternatively for Election Between Such Counts ("Motion to Dismiss") [34], on Defendant Keith Cheatwood's Motion to Dismiss Counts 4 or 5 as Multiplicitous or Alternatively for Election Between Such Counts [43], on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [49], on Defendant Marvin

Cheatwood's Appeal of Non-Final Report and Recommendation [52], which the Court construes as an Objection to the Non-Final Report and Recommendation, and on Defendant Keith Cheatwood's Appeal of Magistrate Judge Decision [53], which the Court also construes as an Objection to the Non-Final Report and Recommendation.

## I. Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a

AO 72A
(Rev.8/8
2)

factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

AO 72A
(Rev.8/8
2)

## II. Background

On June 11, 2013, a federal grand jury sitting in the Northern District of Georgia returned an Indictment against Defendants Marvin Cheatwood, Keith Cheatwood, and Diane Cheatwood. (Docket Entry No. 1.) Count Four of the Indictment provided:

> On or about January 22, 2009, in the Northern District of Georgia, the defendants, MARVIN CHEATWOOD and KEITH CHEATWOOD, aided and abetted by each other and others, did knowingly possess with intent to sell and otherwise dispose of, a motor vehicle, that is, a Chevrolet 3500 Flatbed Truck, white in color, displaying vehicle identification number (VIN) 1GCHC34R4WE200055, with knowledge that the public VIN and confidential VINs for such vehicle had been removed, obliterated, tampered with, and altered, in violation of Title 18, United States Code, Sections 2321 and 2.

(Indictment (Docket Entry No. 1) at 2-3.) Count Five of the Indictment stated:

> Between on or about January 22, 2009, and on or about October 6, 2009, the exact date being unknown to the grand jury, in the Northern District of Georgia, the defendants, MARVIN CHEATWOOD and KEITH CHEATWOOD, aided and abetted by each other and others, did knowingly receive and obtain control of, with intent to sell and otherwise dispose of, a motor vehicle, that is, a Chevrolet 3500 Flatbed Truck, white in color, displaying vehicle identification number (VIN) 1GCHC34R4WE200055, with knowledge that the public VIN and confidential VINs for such vehicle had been removed, obliterated, tampered with, and altered, in violation of Title 18, United States Code, Sections 2321 and 2.

(Id. at 3.)

On August 2, 2013, Defendant Marvin Cheatwood filed his Motion to Dismiss. (Docket Entry No. 33.) On August 8, 2013, the Clerk filed Defendant Keith Cheatwood's Motion to Dismiss. (Docket Entry No. 43.)[1]

---

[1] Defendant Keith Cheatwood filed a Motion to Adopt Defendant Marvin Cheatwood's Motion to Dismiss. (Docket Entry No. 38.) Judge Johnson granted that Motion on August 8, 2013 (Docket Entry No. 40.)

On August 29, 2013, Judge Johnson issued his Non-Final Report and Recommendation. (Docket Entry No. 49.) Judge Johnson recommended that the Court deny both Motions to Dismiss. (Id.)

Defendants Marvin and Keith Cheatwood filed Objections to the Non-Final Report and Recommendation. (Docket Entry Nos. 52-53.) The Court finds that no response from the Government to those Objections is necessary, and consequently concludes that the matter is ripe for resolution.

## III. Discussion

The Court agrees with Judge Johnson that Counts Four and Five of the Indictment are not multiplicitous. (Non-Final Report & Recommendation at 6-9.) As Judge Johnson noted:

[18 U.S.C. §] 2321 proscribes four distinct, but overlapping, acts: buying, receiving, possessing, and obtaining control of, a stolen motor vehicle. Congress created one offense to cover these acts, perhaps in recognition that each act will often transpire in conjunction with the others. The Court acknowledges that separate units of prosecution might not lie where the Government charges the contemporaneous receipt and possession of a single stolen vehicle as two offenses under § 2321. Here, the Government did not charge [D]efendants with the contemporaneous receipt and possession of the vehicle. Instead, the Government alleges two clearly distinguishable violations of § 2321, which, though involving the same vehicle, occurred at different times. The first violation is [D]efendants' initial possession of the vehicle, occurring around January 22, 2009. The second violation is [D]efendants' subsequent receipt. The Indictment does not specify the date of the later receipt--it alleges it occurred between January 22 and October 6, 2009. When [D]efendants allegedly sold the vehicle they interrupted a continuous course of conduct. Then, in reacquiring the vehicle, they began a new course of criminal conduct with respect to the vehicle. While the conduct they charge is related, Counts Four and Five require the Government to prove distinct facts for each count.

AO 72A
(Rev.8/8
2)

> Though the present case is unusual, the facts alleged by the Government depict a situation similar to one in which a defendant unlawfully acquires two stolen vehicles. There are numerous cases where the Government has charged receipt or possession of multiple vehicles in multiple counts. The text of § 2321 indicates that the distinction between these cases and the present case is immaterial. § 2321 prohibits the receipt and possession of "a motor vehicle or motor vehicle part . . . ." "A motor vehicle" reads naturally to mean any motor vehicle. The text evinces no intention by Congress to limit the statute's scope to cover motor vehicles [D]efendants did not previously possess.

(Id. at 6-8 (omission in original) (citations omitted).) The Court further agrees with Judge Johnson that "[t]he rule of lenity does not afford [D]efendants the benefit of the doubt here because § 2321 is not ambiguous." (Id. at 8.) Under those circumstances, the Court agrees with Judge Johnson that Counts Four and Five are not multiplicitous. Nothing in the Objections--including the grand jury transcript excerpt

8

AO 72A
(Rev.8/8
2)

attached to Defendant Marvin Cheatwood's Objection--changes that result. The Court therefore adopts the Non-Final Report and Recommendation, overrules Defendant Marvin Cheatwood's Objection, overrules Defendant Keith Cheatwood's Objection, and denies the Motions to Dismiss.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [49], **OVERRULES** Defendant Marvin Cheatwood's Objection to the Non-Final Report and Recommendation [52], **OVERRULES** Defendant Keith Cheatwood's Objection to the Non-Final Report and Recommendation [53], **DENIES** Defendant Marvin Cheatwood's Motion to Dismiss [34], and

**DENIES** Defendant Keith Cheatwood's Motion to Dismiss [43].

IT IS SO ORDERED, this the ___ day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/8
2)